[Nos. 10,938, 10,959. In Bank. — May 31, 1884.]
THE PEOPLE, RESPONDENT, v. AUGUST ZIMMER-
MAN, APPELLANT.

CRIMINAL LAW — MURDER — CORROBORATION OF ACCOMPLICE — EVIDENCE. — The
testimony of an accomplice is corroborated by evidence of an admission made
by the defendant connecting himself with the crime.
ID. — Where the witness testifying to such admission could not remember the date,
the evidence of a constable to whom he had told what defendant had said was
admissible for the purpose of fixing the date.

APPEAL from a judgment of·the Superior Court of Amador County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

A. C. Brown, for Appellant.

Attorney-General Marshall, for Respondent.

MYRICK, J. — These numbers constitute but one appeal, and are but one transcript, No. 10,938 being the statement on motion for new trial, and No. 10,959 the judgment roll.

The defendant was accused of the crime of murder. The principal witness was one Neff, who testified to his being an eye-witness of an assault by defendant upon deceased. The defense objected to the admission of the evidence of Neff, on the ground that the latter was an accomplice, and that he was not corroborated. (Pen. Code, § 1111.)

It does not appear that Neff was at all concerned in the commission of the crime for which the defendant was on trial, nor that he had counseled, advised, aided, or encouraged its commission, nor that it was committed in carrying into effect an unlawful design formed by them.

Even if Neff had been an accomplice, he was corroborated by the witness Mareno, who testified to an admission made by defendant connecting himself with the killing of deceased.

Mareno testified to a quarrel between himself and defendant, in which he said, "defendant got mad at me, and said to me that he would cut me up just the same as he cut that man in Fiddletown. I don't remember exactly when this was." Mareno swore that he went and told a constable what defendant had said. The constable was called and asked as to the date of the complaint made by Mareno, not for the purpose of having the conversation repeated, but for the purpose of fixing the date, with reference to the killing of deceased. The constable swore that Mareno made a complaint to him about defendant, some fourteen months before the time of trial, October 15, 1883. We see no error in the admission of this evidence for the purpose of fixing the date. The homicide was January 25, 1881; and the complaint was made about fourteen months before October 15, 1883, or about August 15, 1882, having a tendency to show that defendant, in his threat to Mareno, had reference to the killing of deceased. The name Fiddletown was one of the names by which the location of the homicide was known.

The weight to be given to the evidence of the witness Neff was entirely with the jury.

Judgment and order affirmed.

MORRISON, C. J., ROSS, J., and THORNTON, J., concurred.

SHARPSTEIN, J., concurring.—I concur in the affirmance of the judgment and order appealed from. The record, in my opinion, discloses no substantial error.

McKINSTRY, J., concurred on the ground first considered by MYRICK, J.